O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY V. CALOVE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDTRONIC, INC., a Minnesota corporation; MEDTRONIC MINIMED, INC., a Delaware corporation,<br><br>　　　　Defendants.<br>_____ | ) Case No. CV 13-01322 DDP (SHx)<br>)<br>) ORDER GRANTING MOTION TO DISMISS<br>) AND VACATING MOTION TO STRIKE<br>)<br>) [Dkt. Nos. 11 & 12 ]<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　Presently before the court are Defendants Medtronic, Inc. and Medtronic Minimed, Inc. (collectively "Medtronic" or "Defendants")'s Motion to Dismiss and Motion to Strike.

**I. BACKGROUND**

　　Plaintiff Sally Calove was employed by Defendants until May 2, 2011. (Compl. ¶ 10.) She filed her charges of disability and age discrimination with the California Department of Fair Employment and Housing around May 4, 2011, and received Right-To-Sue Notices on July 25 and 26, 2011. (RJN. Exhs. A & B.) On January 17, 2013, Plaintiff filed her Complaint against Defendants for disability

discrimination, age discrimination, retaliation, and wrongful termination. (Compl. ¶¶ 11-34.)

**II. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. "When determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

In Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief") (internal quotation marks omitted).

**III. DISCUSSION**

The statute of limitations for claims made under the Fair Employment and Housing Act ("FEHA") is one year. Cal. Gov. Code § 12965(b). Here, Plaintiff's right-to-sue letters were dated July 25, 2011, and July 26, 2011. (Mot., Exhs. B & A.) Plaintiff filed

1  suit on January 17, 2013, over one year later.  Any claims under
2  FEHA are therefore barred by the statute of limitations.
3       Plaintiff argues that she has not brought her claims under
4  FEHA but instead alleges violation of public policy.  She asserts
5  that she refers to the FEHA, along with the California
6  Constitution, the Americans with Disabilities Act, and other
7  federal laws, in order to establish a violation of public policy.
8  For such purposes, she argues, she does not need to file her claim
9  within the one-year statute of limitations for the FEHA but instead
10 within the two-year statute of limitations applicable to
11 terminations in violation of public policy.  Cal. Civ. P. 335.1;
12 Romano v. Rockwell Int'l, Inc., 14 Cal. 4th 479, 501 (1996).
13 Defendants argue that to the extent her claims are grounded in the
14 FEHA they must be dismissed or stricken.
15      Under California law, "the FEHA does not preempt or preclude
16 claims made under theories independent of the FEHA."  Carmichael v.
17 Alfano Temporary Personnel, 233 Cal.App.3d 1126, 1130 (1991).
18 Whether the FEHA's statute of limitations applies depends upon
19 whether Plaintiff "has alleged a common law claim which is
20 independent of the act."  Id. at 1131-32.
21      Here, Plaintiff cites not only the FEHA but the ADA, the U.S.
22 Constitution, and the California Constitution as the source of the
23 public policy.  To the extent that her claims are based only in
24 violations of the FEHA, they are barred by the one-year statute of
25 limitations.  To the extent that they are based in independent
26 sources of public policy, they are not barred.  The court therefore
27 GRANTS Defendants' Motion to Dismiss with leave to amend to clarify
28

the basis upon which Plaintiff is making her claims of violation of public policy.

**IV. CONCLUSION**

The Motion to Dismiss is GRANTED with leave to amend. Any amended complaint shall be filed within ten days of this order. The Motion to Strike is VACATED as MOOT.

IT IS SO ORDERED.

Dated: March 27, 2013

DEAN D. PREGERSON
United States District Judge